## SHERMAN OSBORN *versus* HENRY ADAMS.

Where an insolvent debtor in Connecticut assigned all his property, including certain land in Massachusetts, in trust for the benefit of his creditors, *pro ratâ*, under the provisions of a statute of that State, none of the creditors being parties to the assignment, and at the same time conveyed such land to the trustee by a deed which referred to the assignment as to the purposes of the conveyance, and which was duly executed and recorded according to the laws of Massachusetts, it was *held*, that the statutory assignment in Connecticut was void, in regard to land in Massachusetts, the title to real estate being exclusively subject to the laws of the State where it lies ; and that the second deed, being ancillary to the statutory assignment, was without consideration and void as against creditors in Massachusetts, who attached the land after such deed had been recorded.

THE parties stated a case. The demandant claimed title to certain land in New Marlborough, in this county, by virtue of certain proceedings under a statute of Connecticut ( *St.* 1828, *c.* 3, *p.* 182.) Adonijah C. Powell, the original proprietor of the land, on July 16th, 1833, at Canton in Connecticut, under the provisions of that statute, for a nominal consideration, assigned all his property, including the demanded premises, to the demandant, in trust, for the benefit of all of his creditors, both parties to the deed being described as of Canton. On the same day and in connexion with the assignment, Powell, by another deed also executed in Connecticut, conveyed to the demandant two parcels of land in New Marlborough, which embraced the demanded premises, the deed referring to the general assignment as to the purposes of the conveyance ; and the last mentioned deed was, on the same day, duly recorded in the registry of deeds in this county.

It further appeared, that the demandant had not transferred or sold the land, or in any way distributed any avails of the same ; and that he was not a creditor of Powell at the time of the assignment in trust.

The tenant claimed under a conveyance from Edward Stevens and other citizens of Massachusetts, who, as creditors of Powell, on July 20th, 1833, attached the premises, for debts long before contracted in Massachusetts. The action in which these attachments were made were entered, and judgments having been recovered therein, the executions were duly levied on the demanded premises. By the Connecticut *St.* 1828,

Osborn
*v.*
Adams.

*c.* 3, *p.* 182, it is provided, that all assignments of real and per sonal estate by any person in failing circumstances, with a view to his insolvency, to any person or persons, in trust for his creditors, shall, as against the creditors of such assignor, be deemed void, unless made for the benefit of all of such credi tors, *pro ratâ,* and lodged for record in the court of probate ; that such trustees shall give bond to the court of probate, for the faithful performance of their duties ; and that on the com plaint of any person interested in the trust, such court may re move any trustee of the property so assigned, on sufficient cause being shown for such removal.

The only question raised between the parties was as to the legal effect of the proceedings which took place on July 16th, 1833.

If upon these facts the Court should be of opinion, that the legal title to the premises was in the demandant, the tenant was to be defaulted ; but if they should be of opinion, that the ten ant had the better title, the demandant was to become nonsuit.

*Sept.* 22*d.*　　*Briggs* and *Bishop,* for the plaintiff. As there is nothing in the statute of Connecticut contravening our laws, the con veyance of the real estate situate in this Commonwealth, in aid of the proceedings under that statute, was valid. Upon the general principles of comity, the law of Connecticut will be respected here, if not repugnant to our own laws. It may be said, that an assignment under a bankrupt law does not operate upon land in a foreign state. But a distinction is taken be tween assignments under a bankrupt law, and those which are the debtor's own voluntary act. *Holmes* v. *Remsen,* 4 Johns. Ch. Cas. Rep. 460 ; *S. C.* 20 Johns. C. Rep. 229 ; *Abraham* v. *Plestoro,* 3 Wendell, 538 ; *Blake* v. *Williams,* 6 Pick. 286. It is not denied, that in regard to the transfer of real estate, the laws of the place, where it is situate, are to govern. But this means, that the conveyance of it shall be according to the forms required by such laws. In the present case all the for malities required by our laws were complied with.

*C. A. Dewey,* for the defendant. The title of the demand ant rests solely on the second deed, as that alone was recorded, when the attachments under which we claim were made. That deed standing alone is void ; it is a naked case of an assign-

ment by an insolvent debtor, in trust for his creditors, not assented to by any creditor at the time of the attachments. *Widgery* v *Haskell*, 5 Mass. R. 144 ; *Stevens* v. *Bell*, 6 Mass. R. 342 ; *Marston* v. *Coburn*, 17 Mass. R. 454 ; *Ward* v. *Lamson*, 6 Pick. 358 ; *Brewer* v. *Pitkin*, 11 Pick. 298 ; *Russell* v. *Woodward*, 10 Pick. 408.

The demandant cannot rely on the proceedings under the statute of Connecticut ; for they constituted a mere statutory transfer, which was inoperative upon real estate in Massachu- setts. Story on Confl. of Laws, § 20, 364, 414 ; *M'Cor- mick* v. *Sullivant*, 10 Wheaton, 202 ; *Rogers* v. *Allen*, 3 Ohio R. 488 ; *Ingraham* v. *Geyer*, 13 Mass. R. 147. The deed which was recorded, was, upon its face, merely incidental to the general assignment in Connecticut. *Holmes* v. *Remsen*, 20 Johns. R. 229.

WILDE J. delivered the opinion of the Court. As to the *Sept. 24th.* assignment under the statute of Connecticut, it is very clear, that Powell's title to real estate within this Commonwealth could not pass thereby. The title and disposition of real estate is exclusively subject to the laws of the country where it is situated, which alone can prescribe the mode by which a title to it can pass. *M'Cormick* v. *Sullivant*, 10 Wheaton, 202. This statutory assignment, therefore, in regard to real estate situated in this Commonwealth, is merely void. It can neither pass a title, nor aid one otherwise defective.

The demandant then must rely solely on his conveyance from Powell, and this, no doubt, would be a valid title against a stranger, or any one not claiming under him. But the tenant claims under the creditors of Powell, who attached the de- manded premises in a few days after the conveyance to the demandant ; and these attachments have been perfected by entry of the actions, and judgments duly rendered thereon, and levy of executions, in due form of law. Such being the title of the tenant, it appears to us very clear, that the demandant's title cannot prevail against it. The deed to the demandant was a mere voluntary conveyance. No consideration was paid ; and although the conveyance to the demandant was in trust for Powell's creditors, yet they were not parties to it, and have not discharged their debts. It is admitted, that no

sale or transfer of the demanded premises has been made by the demandant, nor has he in any way distributed any avails of the same.    He was not a creditor, but a trustee only ; and the trust was created by the proceedings under the statute of the State of Connecticut, of which we can take no notice.    The conveyance was ancillary to those proceedings, and those being void as against Powell's creditors, it follows conclusively, that there was no consideration on which the conveyance can be maintained against the title derived from those creditors.    We can no more take notice of a trust created under a foreign government, than we can, of a will not proved nor recorded in this Commonwealth.    And, independent of the proceedings under the statute of Connecticut, the conveyance to the demandant was merely voluntary.    According to the agreement of the parties, therefore, he must become nonsuit.